UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOYCE BANKS, GIRTHA GULLEY )
OSCAR PENN, ROBERT GRUBBS, )
STAN MACLIN and HIRAM WALKER, )
)
    Plaintiffs, )
)
    vs. ) No. 87-2371
)
CITY OF PEORIA, ILLINOIS and )
the PEORIA ELECTION COMMISSION, )
)
    Defendants. )

PLAINTIFFS' RESPONSE TO PETITION TO AMEND THE
AMENDED FINAL CONSENT DECREE

Now come Plaintiff, Joyce Banks, et al, by Donald M. Craven, P.C., and for their response to the Petition of the Peoria Election Commission state as follows:

The Peoria Election Commission has asked this court to allow the Commission to avoid a provision of the Illinois Election Code which requires that ballots be counted at the polling place, and the results posted at the polling place. The Election Commission asks that it be allowed to count those ballots at a central location.

The Orders previously entered in this cas, provide that elections in the city of Peoria will comply with all provisions of Illinois state law. (Paragraph 5, Amended Electoral Structure for the City Council, attached to Commission Petition.) The Commission correctly states the principles of state law. Section 24C-12 of the Election Code requires the tabulation of ballots at the precinct level.

Apparently, the system provided by the Commission's vendor can not meet the requirements of the statute. The Commission entered into a contract for the purchase of an electronic voting system on December 21, 2005. The most recent amendments to Section 24C-

12 went into effect on August 22, 2005.  The requirement for precinct level tabulation is not new to Section 24C-12; that requirement was in place when the vendor formulated its bid and the Commission agreed to purchase the equipment.

The Commission does not state that the Hart system can not be modified, and it does not state whether that modification would be done at the expense of Hart or at the expense of the Commission.

The Commission does not state that there is no other electronic voting system which can accommodate the Peoria electoral structure.

Those objections aside, this court is without authority to vary the provisions of state law, absent a finding that state law violates the Voting Rights Act, or some other provision of federal law.  The Supreme Court has held that in fashioning an electoral system to remedy a voting rights violation, courts "should follow the policies and preferences of the State, as expressed in statutory and constitutional provisions or in the ⋯ plans proposed by the state legislature, whenever adherence to state policy does not detract from the Federal  Constitution." *White v. Weiser*, 412 U.S. 783, 795, 93 S.Ct. 2348, 37 L.Ed.2d 335 (1973).

Plaintiffs would point this Court to the multiple District Court and Seventh Circuit decisions in the Chicago Heights voting rights litigation, which remains pending some 19 years after it was initiated.  There have been several attempts to resolve that litigation, and each attempt has in some way required a deviation from state law.  The Seventh Circuit has rejected each such attempt.  Perkins v. City of Chicago Heights 47 F.3d 212,  (C.A.7 (Ill.),1995), Harper v. City of Chicago Heights 223 F.3d 593 (2000),  (C.A.7 (Ill.),2000).

In the firt trip to the Seventh Circuit, the court rejected a plan which varied from state law.  The court stated, "remedies that override state law must be narrowly tailored so as to

infringe state sovereignty as minimally as possible. *Jenkins,* 495 U.S. at 57-58, 110 S.Ct. at 1666-67. Federal remedial powers can "be exercised only on the basis of a violation of the law and [can] extend no farther than required by the nature and extent of the violation." *General Bldg. Contractors v. Pennsylvania,* 458 U.S. 375, 399, 102 S.Ct. 3141, 3154, 73 L.Ed.2d 835 (1982).

Perkins v. City of Chicago Heights 47 F.3d 212, *217 (C.A.7 (Ill.),1995).

Five years later, the Court rejected yet another plan, that varied from state law in a different fashion. The Court held, "the court, in exercising its discretion to fashion a remedy that complies with § 2, must to the greatest extent possible give effect to the legislative policy judgments underlying the current electoral scheme or the legally unacceptable remedy offered by the legislative body." *Cane v. Worcester County, Md.,* 35 F.3d 921, 928 (4th Cir.1994).

Harper v. City of Chicago Heights 223 F.3d 593 (2000), *601 -602 (C.A.7 (Ill.),2000).

The Commission would have this Court enter an order establishing a strucure for elections which varies from state law. The Illinois General Assembly adopted as the election policy of this state that in the event an election commission chooses to use an electronic voting system, the results will be tabulated at the precinct level. That law, evoking that policy, was inplace when the Commission purchased this equipment. No argument is made that the provisions of Section 24C-12 violate federal law in any way.

Absent a finding that the provisions of section 24C-12 violate federal law, or that compliance with section 24C-12 is impossible, this court is without authority to enter an order in derogation of the policies adopted by the state of Illinois, and the Petition to Amend should be denied.

Respectfully Submitted,

Dated : June 5, 2006                             s/ **Donald M. Craven**

Donald M. Craven Bar Number: 6180492
Attorney for Defendants
Donald M. Craven, P.C.
1005 North Seventh Street
Springfield, IL 62702-3918
(217) 544-1777 (telephone)
(217) 544-0713 (facsimile)
don@cravenlawoffice.com

## CERTIFICATE OF SERVICE

      I hereby certify that on June 5, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Robert G. Day, Jr. and Randall Ray**, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: **NONE**

      **s/ Donald M. Craven**
Donald M. Craven Bar Number: 6180492
Attorney for Defendants
Donald M. Craven, P.C.
1005 North Seventh Street
Springfield, IL 62702-3918
(217) 544-1777 (telephone)
(217) 544-0713 (facsimile)
dmcraven@aol.com

Robert G. Day, Jr.
201 West McClure Avenue
Peoria, IL 61604
bobday1@sbcglobal.net
(attorney for Peoria Election Commission)

Randall Ray
Corporation Counsel for the City of Peoria, IL
Peoria City Hall
419 Fulton Street, Suite 207
Peoria, IL 61602
RRay@ci.peoria.il.us
(attorney for Defendant, City of Peoria, IL)