UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOYCE BANKS, GIRTHA GULLEY, OSCAR PENN, ROBERT GRUBBS, STAN MACLIN and HIRAM WALKER, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF PEORIA, ILLINOIS and the PEORIA ELECTION COMMISSION, <br><br> Defendants. | No. 87-2371 |

### MEMORANDUM OF LAW IN SUPPORT OF PEORIA ELECTION COMMISSION'S SECOND MOTION TO AMEND THE AMENDED FINAL CONSENT DECREE

Now comes Defendant, Peoria Election Commission, by its attorney, Robert G. Day, Jr., and submits the following in support of its Second Motion To Amend The Amended Final Consent Decree:

> An Amendment To The Amended Final Consent Decree To Authorize The Peoria Election Commission To Count Votes Cast For At-Large City Councilman At A Central Location Notwithstanding The Provisions Of Section 24C-12 Of The Illinois Election Code Is Warranted Because There Has Been Only One Voting System Tested By The Illinois State Board Of Elections To Count Cumulative Votes And That Voting System Is Only Capable Of Counting Cumulative Votes At A Central Location.

Section 24A-16 of the Election Code of the State of Illinois (10 ILCS 5/24A-16) states that the Illinois State Board of Elections shall approve all voting systems provided for by Article 24 of the Election Code of Illinois and Section 24A-3 of the Election Code of Illinois (10 ILCS 5/24A-3) provides that no County Board or Board of Election

Commissioners may purchase or lease an electronic voting system or voting system component without the approval of the State Board of Elections "as provided by Section 24A-16". At the present time there is no voting system which has been approved for use by the State Board of Elections for the counting and tallying of cumulative votes at the precinct where such votes are cast.

Attached to the Peoria Election Commission's Second Motion To Amend The Amended Final Consent Decree filed in this case is the Affidavit of Dianne Felts, who is the Director of Voting Systems and Standards for the Illinois State Board of Elections. In paragraph 4 of this Affidavit she states that there has been only one voting system tested by the Illinois State Board of Elections for the purpose of determining whether such system is capable of counting and tallying cumulative votes and that is a voting system manufactured by Hart Intercivic, Inc. ("Hart") which system is referred to by Hart as the e Slate Voting System. Such testing has shown that the Hart e Slate Voting System is capable of accurately counting and tabulating cumulative votes at a central location, but is not capable of counting and tabulating cumulative votes at the precinct where the votes were cast. (see paragraph 4 of Felts Affidavit).

The Hart e Slate Voting System is a Direct Recording Electronic Voting System as that term is defined in Section 24C-2 of the Illinois Election Code (10 ILCS5/24C-2). Section 24C-12 of the Illinois Election Code (10 ILCS 5/24C-12) provides, in part, that the votes cast on a Direct Recording Electronic Voting System shall be tabulated and one copy of the "Certificate of Results" of each such tabulation shall be posted inside the polling place after the close of the polls on election day. As stated above, the e Slate Voting System is the only voting system tested to date by the Illinois State Board of

Elections to determine if it is capable of counting and tallying cumulative votes. However, since that voting system is not capable of counting and tallying cumulative votes at the precinct where those votes were cast, it is not possible to comply with Section 24C-12 while using that voting system. Therefore, there is presently no voting system which has been approved by the Illinois State Board of Elections which the Peoria Election Commission can use to conduct its primary and general election in 2007 for the five at-large seats on the Peoria City Council. The effect of this is that there is no voting system presently approved for use in Illinois which will allow the Peoria Election Commission to conduct a cumulative voting election as required by the Amended Final Consent Decree entered in this case and not be in violation of Section 24C-12 of the Illinois Election Code.

The Amended Final Consent Decree was entered in this case as a remedy so that the City of Peoria would not be in violation of the federal Voting Rights Act by the manner in which the City elected its city council. A state law such as Section 24C-12 of the Illinois Election Code should not be allowed to prevent the implementation of this remedy. Under the Supremacy Clause of this United Stated Constitution the federal remedy set out in this Court's Amended Final Consent Decree should prevail over a state law which would prevent the implementation of that remedy. Missouri V. Jenkins 495 U.S. 33, 57-58, 110 S. Ct. 1651 at 1666, 109 L.E. 2d 31 (1990). See also Perkins V. City of Chicago Heights 47 F. 3d 212 at 216 (7th Cir. Ill. 1995).

In the case of Missouri V. Jenkins 495 U.S. 33, 110 S. Ct. 1651 109 L.Ed. 2d 31 (1990) the United States District Court for the Western District of Missouri had imposed an increase in the property taxes levied by the Kansas City, Missouri School District

3

(KCMSD) as a remedy to ensure funding for the desegregation of KCMSD's public schools. The school district appealed this decision arguing, among other things, that a Missouri state law limited the amount of such a tax levy and, therefore, the remedy ordered by the court could not be implemented in this way because it would require the school district to violate the state law that limited its authority to impose a tax levy beyond that allowed by the law. In upholding the District Court's authority to fashion the remedy contained in its court Order, the United States Supreme Court held that the Missouri state law could not hinder the remedy imposed by a federal court order issued to enforce federal constitutional guarantees. At 109 L. Ed. 2d 58 the U.S. Supreme Court stated as follows:

> "Here, the KCMSD may be ordered to levy taxes despite the statutory limitations on its authority in order to compel the discharge of an obligation imposed on KCMSD by the Fourteenth Amendment. To hold otherwise would fail to take account of the obligations of local governments, under the Supremacy Clause, to fulfill the requirements that the Constitution imposes on them. However wide the discretion of local authorities in fashioning desegregation remedies may be, "if a state-imposed limitation on a school authority's discretion operates to inhibit or obstruct the operation of a unitary school system or impede the disestablishing of a dual school system, it must fall; state policy must give way when it operates to hinder vindication of federal constitutional guarantees." North Carolina Bd. of Education v Swann, 402 US 43, 45, 28 L Ed 2d 586, 91 S Ct 1284 (1971). <u>Even though a particular remedy may not be required in every case to vindicate constitutional guarantees, where (as here) it has been found that a particular remedy is required, the State cannot hinder the process by preventing a local government from implementing that remedy</u>." (underlining added)

It is significant to note that the state law in question in <u>Missouri V. Jenkins</u> did not conflict with any federal law that required the desegregation ordered to that case. Rather, the Missouri state law that limited the authority to levy taxes beyond a particular rate was a law that was impeding the implementation of a federal court ordered remedy,

4

that being the funding for the desegregation of a school district. A similar situation exists in the present case where Section 24C-12 of the Illinois Election Code does not conflict with the federal Voting Rights Act, but does impede the implementation of the court ordered remedy of cumulative voting because it requires votes to be counted and tallied in each precinct when there is no voting system approved by the State Board of Elections which is capable of counting and tallying cumulative votes in the precinct. For this reason, this court is respectfully requested to enter an Order amending the Amended Final Consent Decree previously entered in this case to provide that votes cast in the 2007 elections for at-large Peoria City Council seats may be counted and tallied at the office of the Peoria Election Commission in Peoria, Illinois, notwithstanding the provisions of Section 24C-12 of the Illinois Election Code.

Respectfully Submitted,

s/ Robert G. Day, Jr.
Robert G. Day, Jr., 0596205
Attorney for Peoria Election Commission
Day and Day
201 W. McClure Ave
Peoria, IL  61604-3554
Telephone: (309) 685-2326
Fax: (309) 685-2328
bobday1@sbcglobal.net

## **CERTIFICATION OF SERVICE**

I hereby certify that on October 19, 2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Donald M. Craven and Randall Ray, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none

<pre>
s/ Robert G. Day, Jr.
Robert G. Day, Jr., 0596205
Attorney for Peoria Election Commission
Day and Day
201 W. McClure Ave.
Peoria, IL 61604-3554
Phone: (309) 685-2326
Fax: (309) 685-2328
bobday1@sbcglobal.net
</pre>