E-FILED
Friday, 20 October, 2006 11:10:01 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOYCE BANKS, GIRTHA GULLEY, OSCAR PENN, ROBERT GRUBBS, STAN MACLIN and HIRAM WALKER, | ) ) ) ) | 87-2371 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CITY OF PEORIA, ILLINOIS and the PEORIA ELECTION COMMISSION, | ) ) ) | |
| Defendants. | ) | |

## ORDER

The defendants have filed a second motion to amend the amended final consent decree which was issued on August 10, 1988. The defendants have complied with the amended final consent decree since it was entered. They now seek an amendment to allow the tabulation of fractional cumulative votes at a central location, an issue about which the consent decree is silent.[1] Illinois election law requires tabulation of electronic votes at each precinct.

Under Illinois law, (1) all electronic voting systems must be approved by the Illinois State Board of Elections;[2] (2) no County Board or Board of Election Commissioners may purchase or lease an electronic voting system without the approval of the State Board of Elections;[3] and (3) all votes cast by electronic vote must be tabulated *at the precinct* and a copy of the tabulation posted inside the polling place after the close of polls on election day.[4] The defendants apparently purchased a system approved by the State Board of Elections, but the system cannot tabulate fractional cumulative votes at each polling place. In fact, the defendants state that there is *no* voting system at the present time that has been submitted to the State Board of Elections for testing to determine whether it is capable of accurately counting and tallying cumulative votes at the precinct where such votes are cast.

---

[1] The consent decree mandates the use of fractional cumulative voting for the Peoria City Council at large-seats. It further specifies, "The elections in all other respects will be governed by the law of the State of Illinois."

[2] 10 Ill. Comp. Stat. 5/24A-16.

[3] 10 Ill. Comp. Stat. 5/24A-3.

[4] 10 Ill. Comp. Stat. 5/24C-12.

1

The defendants urge the court to direct that vote counting be done at the central location – in essence, to *create* a conflict between federal and state law – so they may avoid the state law requirement for tabulation at the polling place. Although the defendants argue that there is no system that will allow them to comply with both the consent decree and state election law, they mean to say there is no *electronic* voting system that allows them to comply with both; after all, they have been complying with the consent decree for eighteen years.

The defendants cite no authority for the proposition that federal courts have jurisdiction to create a conflict where none exists. They are ordered to supplement their memorandum of law with authority supporting the proposition that state law must bend to *facilitate* compliance with a federal consent decree where there is no conflict between the two. The supplemental memorandum incorporating such authority shall be filed on or before October 25, 2006.

Entered this 20th day of October, 2006.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE