UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOYCE BANKS, GIRTHA GULLEY, OSCAR PENN, ROBERT GRUBBS, STAN MACLIN and HIRAM WALKER, )))) | |
| Plaintiffs, ) | 87-2371 |
| v. )) | |
| CITY OF PEORIA, ILLINOIS and the PEORIA ELECTION COMMISSION, )) | |
| Defendants. ) | |

## ORDER

The defendants have filed a second motion to amend the amended final consent decree issued on August 10, 1988. The defendants have complied with the amended final consent decree since it was entered. They have recently purchased an electronic voting system. Illinois election law requires tabulation of electronic votes at each precinct. The defendants now seek an amendment to the consent decree, to be applied to the 2007 election for Peoria City Council at-large seats, for tabulation of fractional cumulative votes at a central location – an issue about which the consent decree is silent.[1]

The court denied the defendants' first motion to amend the final consent decree because the defendants could not demonstrate an inability to comply with both state law and the federal consent decree. The defendants argue, in their second motion, that there is no *electronic* system[2] approved by the State of Illinois Board of Elections that allows them to count fractional cumulative votes at the precinct level. They seek an order from this court to sidestep the state law requiring a tally of electronic votes at the precinct level.

This court ordered the defendants to file, on or before October 25, 2006, a supplemental memorandum citing authority to support the proposition that state law must bend to facilitate

---

[1] The consent decree mandates the use of fractional cumulative voting for the Peoria City Council at large-seats. It further specifies, "The elections in all other respects will be governed by the law of the State of Illinois."

[2] The defendants have purchased an electronic voting system approved by the State of Illinois, but the system has not been tested for accurate counting of fractional cumulative votes at the precinct level.

1

compliance with a federal consent decree where there is no conflict between the two. The defendants have not done so.

The defendants' dilemma arises from their recent purchase of an electronic voting system that complies with all state requirements *except* the precinct-level tally of fractional cumulative votes. The defendants have been operating under the consent decree for almost twenty years; the consent decree does not mandate voting by electronic means. The court lacks jurisdiction to *create* a conflict between federal and state law by amending the consent decree to require the tally of electronic votes at a central location.

Consequently, the court denies the second motion to amend the amended final consent decree [#35].

Entered this 3rd day of November, 2006.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE