IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | | |
|---|---|---|
| JOYCE BANKS, et. al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 87-2371 |
| | ) | |
| CITY OF PEORIA, et.al. | ) | |
| | ) | |
| Defendants | ) | |

### THE CITY OF PEORIA MOTION TO MODIFY
### THE AMENDED FINAL CONSENT DECREE DATED AUGUST 10, 1988.

The City of Peoria, by and through its Corporation Counsel and its attorneys, Kavanagh, Scully, Sudow, White and Frederick, P.C. seeks to modify and further amend the Amended Final Consent Decree and Full Resolution of Action dated August 10, 1988 and in support thereof files this Motion and accompanying Memorandum.

### JURISDICTION

1.    The City of Peoria requests this Honorable Court to modify and amend the Amended Final Consent Decree and Full Resolution of Action entered August 10, 1988 as applied to a special election, held pursuant to Illinois Law, for the election of at-large members of the Peoria City Council.

2.    The original Consent Decree was entered on November 23, 1987; however, on letter motion by the Peoria Board of Election Commissioners, the decree was amended. The Amended Final Consent Decree and Full Resolution of Action was entered by this Court on August 10, 1988.

3.    The Amended Final Consent Decree provides that "This Court retains jurisdiction of this case for purposes of supervising the implementation of this Consent Decree." *See*

1

*paragraph 5, Amended Final Consent Decree and Full Resolution of Action entered August 10, 1988 and attached as Exhibit 1 to City of Peoria Memorandum in Support to Modify.*

PROCEDURE

4.     In addition to this Court explicitly retaining jurisdiction of this case and, further, the Court entering a previous amendment to the Consent Decree, Federal Rule of Civil Procedure 60(b) provides that modification and amendment is permitted for the relief from a "final judgment, order, or proceeding." It permits the Court, on a motion, to relieve a party or its legal representative from a final judgment, order, or proceeding by, in part, amending and modifying the order. In relevant part the rule states in (b)(5) and b(6), that relief is warranted if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or; (6) any other reason that justifies relief" then amendment and modification is appropriate. *See* Fed. R. Civ. P. 60(b).

5.     This rule serves a "particularly important function" in reviewing "institutional reform litigation." *Horn v. Flores,* 557 U.S. 433, 447 (2009). The Supreme Court states that Consent Judgments should not take on "a talismanic quality warding off virtually all efforts to modify consent decrees." *Rufo v. Inmates, et. al.* 502 U.S. 367, 380 (1992). The Supreme Court has recognized that consent decrees may remain in place for many years, and that the passage of time brings about changed circumstances which call for reexamination of the original consent. *Horn* 557 U.S. at 448. The party seeking relief must meet the burden of showing that changed circumstances warrant relief. *Horn* at 447.

6. As detailed in the attached Memorandum, an issue has arisen that is not addressed in the Amended Consent Decree – specifically, the means of electing an at-large City Council seat in a special election and under what circumstances that a primary is held to reduce the candidate field.

7. The proposed remedy, as set forth in the attached Memorandum, codifies what may be implied in the Amended Consent Decree but is not stated and the changed circumstance warrants relief. The proposed remedy is narrowed tailored to the circumstances at hand.

REQUEST FOR RELIEF

WHEREFORE, the City of Peoria requests, for the reasons stated in this Motion and the Memorandum, to modify the Amended Consent Decree to state that if under Illinois law a special election is held to fill a vacancy for an at-large seat, then each voter in that election may cast the same number of votes as seats are available in that special at-large election. Further, a primary will be held to reduce the candidate field down to twice the number of seats that are available in that special at-large election.

(signature on next page)

Respectfully Submitted by the
City of Peoria, Defendant.

BY: s/ <u>Robert C. Gates</u>
    Robert C. Gates - Lead Counsel
    Illinois ARDC No. 6289553
    Kavanagh, Scully, Sudow,
    White & Frederick, P.C.
    301 S.W. Adams Str., Suite 700
    Peoria, Illinois 61602-1574
    309-676-1381

Counsel For The City of Peoria, Illinois
Donald B. Leist
Corporation Counsel
419 Fulton Street, Rm. 200
Peoria, IL 61602

Phillip B. Lenzini
Robert C. Gates
William C. Loeffel
Kavanagh, Scully, Sudow,
White & Frederick, P.C.
301 S.W. Adams Str., Suite 700
Peoria, Illinois 61602-1574

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Joyce Banks, et. al. | ) | |
|     *Plaintiffs* | ) | |
| | ) | |
| vs. | ) | No. 87-2371 |
| | ) | |
| City of Peoria, et.al. | ) | |
|     *Defendants* | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2016, I caused to be electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Donald M Craven
CRAVEN LAW OFFICE
1005 N Seventh St
Springfield, IL 62702
217-544-1777
Fax: 217-544-0713
Email: don@cravenlawoffice.com

Peoria Board of Elections
Larry Evans
Chief Civil Assistant States' Attorney
Peoria County States' Attorney's Office
324 E. Main
Peoria, IL 61602
Email: levans@peoriacounty.org

                                                S/ Robert C. Gates
                                                Attorney for Defendant
Robert C. Gates                            City of Peoria
KAVANAGH, SCULLY, SUDOW,
WHITE & FREDERICK, P.C.
301 S.W. ADAMS STR., SUITE 700
PEORIA, ILLINOIS 61602-1574
309-676-1381