## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Joyce Banks, et. al. | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| vs. | ) | No. 87-2371 |
| | ) | |
| City of Peoria, et.al. | ) | |
| *Defendants* | ) | |

### CITY OF PEORIA MEMORANDUM IN SUPPORT
### TO MODIFY THE AMENDED FINAL CONSENT DECREE DATED AUGUST 10, 1988.

The City of Peoria, by and through its Corporation Counsel and its attorneys, Kavanagh, Scully, Sudow, White and Frederick, P.C. seeks to amend the Consent Decree dated August 10, 1988 and in support thereof files this memorandum.

On August 10, 1988 this Court entered the Amended Final Consent Decree and Full Resolution of Action and Amended Exhibit B (herein collectively the "Consent Decree"). This order governs the electoral structure for the City Council of the City of Peoria (hereinafter referred to as the "City Council"). Since this Consent Decree's entry it has governed all City Council elections.

On October 6, 2015 an at-large city council member resigned his position creating a mid-term vacancy. On Tuesday, November 24, 2015, the City Council voted by unanimous consent to appoint one (1) replacement for that at-large council member. Under Illinois election law, this appointment is only effective until a special election is held to fill the term's remaining time. *See generally* 65 ILCS 5/3.1-10-50. This was the first such midterm

vacancy since 1988 requiring a special election to be held.   Therefore, on April 4, 2017, a special election for one (1) at-large seat, as of now, will be held.

A regular at-large city council election has five (5) seats available for election and the seats are elected by the means of cumulative voting wherein each voter may cast up to five (5) votes.  The Consent Decree does not address, generally, the current scenario of electing an at-large city council seat in a special partial term election.  And it specifically does not address the means of electing one (1) at – large seat in a special partial term election.

For the reasons set forth in its Motion and this Memorandum, the City of Peoria moves to modify the Consent Decree to state that if a special election is held for an at-large seat then each voter may cast the same number of votes as seats are available in that special at-large election.  Additionally, a primary election will be held to reduce the candidate field down to twice the number of seats that are available in that special at-large election.

## I.    <u>**Background and Procedural History**</u>

In the Consent Decree, the Court explicitly retained jurisdiction of this case for purposes of supervising the implementation of the Consent Decree.  Attached and incorporated herein is the Consent Decree as Exhibit 1.  In fact, the Consent Decree in force currently is as amended.  Either the mid-term vacancy situation for an at-large seat was not anticipated at the time of the Consent Decree entry or, if anticipated, the circumstance was not addressed therein or the proposed modification, as noted above, was implied by the Decree.

The Consent Decree's Amended Exhibit B reflects a negotiated resolution between the Parties. Specifically, the Parties jointly submitted the "Amended Electoral Structure for the City Council" and following the Consent Decree being entered, the City Council has been elected according to these terms.

As further background, the Consent Decree raised the number of at-large city council seats from three (3) to five (5) and installed "cumulative voting" which is a recognized element in voting rights cases and remedies to avoid minority vote dilution when at-large voting districts are used. When Illinois state law requires a partial term vote and election to fill a vacant seat, there is no way to import cumulative voting to the task of a single seat partial term election (e.g. even allowing 5 votes per voter does not effectuate cumulative voting since only one vacant seat is to be filled) and the Consent Decree, while explicitly silent on the issue now presented, may imply a solution that the proposed modification seeks to make explicit.

**A.      Electoral Structure for the City Council for the City of Peoria.**

In short summary, the City Council has five (5) members elected from single-member districts and five (5) members elected at-large. The Mayor is elected at-large.

The at-large seats are elected by the means of cumulative voting. As described in the Amended Exhibit B, each voter may vote for one, two, three, four or five candidates in an at-large election:

> "If a voter votes for just one candidate, that candidate shall receive five votes. If a voter votes for just two candidates each

of those candidates shall receive 2 ½ votes.  If a voter votes for just three candidates each of those candidates shall receive 1 2/3 votes.  If a voter votes for just four candidates each of those candidates shall receive 1 ¼ votes.  If a voter votes for five candidates each of those candidates shall receive 1 vote. The maximum number of votes each voter may cast in the at-large election will be five. The five candidates who receive the highest number of votes in the general election will be declared winners of the at-large seats."

The Consent Decree contemplates only at-large elections where all five (5) at-large seats are to be voted on by the voters and expects that there will be five (5) seats elected and five (5) candidates declared winners. Left unaddressed is the situation of what occurs in a special election wherein fewer than five (5) at-large seats are up for election, such as currently presented where, as of this filing, only one seat is to be filled.  Also not addressed is under what circumstances a primary is utilized to reduce the candidate field in a special at-large election.

**B.    The Court and the Parties have previously addressed potential confusion and amended the Consent Decree.**

The Consent Decree governing the parties is 'as amended.'  Previously, on November 23, 1987 the Court entered a Consent Decree and Exhibit B but, later, on July 20, 1988, the attorney representing the Peoria Board of Election Commissioners (the entity responsible at the time for conducting these elections) wrote this Court that the description of cumulative voting attached to the November 23, 1987 order was not "complete enough"

and "might cause some confusion" in the future.  *See generally Letter from Attorney Robert Day attached as Exhibit 2.*  The resulting change explicitly laid out the cumulative voting formula as described above.  And in both the original Consent Decree and later Amended Consent Decree, the focused issue was defining what occurs when all five (5) at-large seats are up for election and seeing that five (5) winners are elected.

A similar situation exists here where confusion and unattended consequences may result unless the voters and candidates are clear as to the election rules prior to the April 4, 2017 and, ideally, before candidates file for office and prepare a campaign – approximately beginning around September 1st..  And, therefore, a modification is appropriate to clarify the unaddressed circumstance facing the City of Peoria, its voters, and potential candidates.

## II.     The motion supports the Amended Consent Decree, utilizes cumulative voting for at- large seats and provides needed clarity.

The City of Peoria seeks to modify the Consent Decree to state that if a special election to fill a partial term vacancy is held for an at-large seat then each voter may cast the same number of votes as seats are available in that special at-large election.  Further, a primary election will be held to reduce the candidate field down to twice the number of seats that are available in that special at-large election.  The modification sought by the City supports the Amended Consent Decree and provides needed clarity of the appropriate process for this single partial-term vacancy election.

In short, as provided for in the Amended Consent Decree, each voter in a regular at-large election has five (5) votes to cast for five (5) open at-large seats.  In a regular election, the voter has the same number of votes as seats up for election and, therefore, for the same number of candidates to be declared winners. Additionally, a primary is held to narrow the

candidate field to twice the numbest of seats open in an at-large election.  For consistency, this same formula should hold true for a special election to fill a partial term vacancy.

**A.     The City's request supports the Consent Decree and current practice by awarding the same number of votes as there will be seats and winners in the  general election.**

In the Amended Consent Decree and original consent decree, the Parties contemplated that the voters will have the same numbers of votes as winners to be elected and to narrow the candidate field to twice the number of seats available through a primary.

For example, both consent decrees contemplate that a primary election is held for the at-large seats to reduce the candidate field down to ten (10) candidates.  The ten (10) candidates is twice the number of seats available for election.  In the primary election, the voters have five (5) votes to cast as opposed to ten (10) votes to case because there are only five (5) at large seats up for to win in the general election.

This motion seeks to continue the same approach.  The voters in a primary election have the same number of votes as seats to be filled in the general election, even though the primary's express goal is to reduce the candidate field.  The primary is triggered in the event there is more than twice the number of candidates as seats to be filled.  This Motion supports the Consent Decree and current practice by making clear that in the special election to fill a partial term, the voters have the same number of votes as seats available and a primary is held under the same formula as a regular election.  Put another way, the voters have the same number of votes as there will be a winner to be named to the available seat.

## B. The Motion seeks clarification of the Consent Decree in the interests of voters, candidates and election officials.

The creation of a vacant city council at-large seat that requires a special election has not occurred since 1988 and the entry of the Consent Decree. The Consent Decree is completely silent on how cumulative voting can even be conducted in the context of the partial term special election required by Illinois law (state law is also silent on that matter) the electorate, the potential candidates, and the election officials and government itself require certainty, clarity and confidence in the process to be used.

An amended Consent Decree as sought by this Motion, especially if entered by the Court as early in the process as is responsible, will serve to inform those groups of the process to be used and, therefore, on which they may confidently rely in the decisions and actions each take in that election, including whether or not to be a candidate, how to appeal or campaign within that election cycle, and how to exercise their voting rights.

Applied to April 4, 2017, if one seat is up for election each voter should be able to cast one vote to express their candidate preference and a primary election is held to reduce the candidate field down to two candidates. To continue this same approach, if for example, two at-large seats are up for special election to fill a partial term, then each voter should have two votes to express their candidate preference. Those voters would still be able to utilize cumulative voting and, further, a primary election would be held to reduce the candidate field down to four candidates. The ultimate conclusion leading to how regular at large elections are conducted: if five (5) at-large seats are up for any election (special or regular) than each voter has five (5) votes to cast and the primary is held to reduce the candidate field down to ten (10) candidates.

### III.    Request For Relief

The City of Peoria requests, for the reasons stated in its Motion and this Memorandum, to modify the Amended Consent Decree to state that if under Illinois law a special election is held to fill a vacancy for an at-large seat, then each voter in that election may cast the same number of votes as seats are available in that special at-large election. Further, a primary will be held to reduce the candidate field down to twice the number of seats that are available in that special at-large election.

Respectfully Submitted by the
City of Peoria, Defendant.

BY: s/  Robert C. Gates
  Robert C. Gates - Lead Counsel
  Illinois ARDC No. 6289553
  KAVANAGH, SCULLY, SUDOW,
  WHITE & FREDERICK, P.C.
  301 S.W. ADAMS STR., SUITE 700
  PEORIA, ILLINOIS  61602-1574
  309-676-1381

COUNSEL FOR THE CITY OF PEORIA, ILLINOIS
DONALD B. LEIST
CORPORATION COUNSEL
419 FULTON STREET, RM. 200
PEORIA, IL 61602

PHILLIP B. LENZINI
ROBERT C. GATES
WILLIAM C. LOEFFEL
KAVANAGH, SCULLY, SUDOW,
WHITE & FREDERICK, P.C.
301 S.W. ADAMS STR., SUITE 700
PEORIA, ILLINOIS  61602-1574

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

Joyce Banks, et. al.              )
      *Plaintiffs*           )
                         )
vs.                       )         No. 87-2371
                         )
City of Peoria, et.al.            )
      *Defendants*         )

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2016, I caused to be electronically filed the

forgoing with the Clerk of the Court using the CM/ECF system which will send notification

of such filing to the following:

Donald M Craven
CRAVEN LAW OFFICE
1005 N Seventh St
Springfield, IL 62702
217-544-1777
Fax: 217-544-0713
Email: don@cravenlawoffice.com

Peoria Board of Elections
Larry Evans
Chief Civil Assistant States' Attorney
Peoria County States' Attorney's Office
324 E. Main
Peoria, IL 61602
Email: levans@peoriacounty.org



                                 <u>S/ Robert C. Gates</u>
                                 Attorney for Defendant
Robert C. Gates                  City of Peoria
KAVANAGH, SCULLY, SUDOW,
WHITE & FREDERICK, P.C.
301 S.W. ADAMS STR., SUITE 700
PEORIA, ILLINOIS 61602-1574
309-676-1381